UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDUARDO JACOBS,

    Plaintiff,

v.

TONY ARTIST, *et al.*,

    Defendants.

Case No. 25-cv-12645
Hon. Matthew F. Leitman

_____/

# ORDER SUMMARILY DISMISSING PLAINTIFF'S COMPLAINT

Plaintiff Eduardo Jacobs, a resident of Detroit, Michigan, filed a *pro se* Complaint in this Court against three Defendants: (1) Stateline Construction Company, a construction company located in Redford Township, Michigan; (2) Tony Artist, a Supervisor at Stateline Construction Company; and (3) Jeffery Calliotte, a Project Manager at Stateline Construction Company. (*See* Compl., ECF No. 1, PageID.2-4.)

On September 2, 2025, this Court entered an Order directing Jacobs to either (1) show cause in writing why his Complaint should not be dismissed for failure to state a claim; or (2) file an Amended Complaint with the Court alleging sufficient facts to show each of his claims. (*See* Order, ECF No. 5.) In that Order, the Court

informed Jacobs of the need for additional information about the claims he brings, writing:

> . . . Jacobs appears to describe a breach-of-contract claim arising out of an October 2024 contract with the Defendants. (*See* [Compl., ECF No. 1], PageID.5-6.) He alleges that the Defendants engaged in "discrimination" and "cruel and unusual punishment," and he seems to bring "civil rights claim[s]" under 42 U.S.C. §§ 1981, 1983, and 1985, and a claim under the Federal Tort Claims Act, 28 U.S.C. § 1346(b). (*Id.*, PageID.5-6; 8.) He requests $150,000 in damages – as well as a sincere apology – from the Defendants. (*See id.*, PageID.7.)
>
> Jacobs has also filed an application to proceed *in forma pauperis* in this action ("IFP Application"). (*See* IFP Application, ECF No. 2.) In connection with the IFP Application, the Court is required to screen Jacobs' Complaint and dismiss it prior to service on the Defendants if it (i) asserts frivolous or malicious claims, (ii) fails to state a claim upon which relief may be granted, and/or (iii) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2); *see also McGore v. Wigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997). While the Court must liberally construe documents filed by *pro se* plaintiffs, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), a complaint nonetheless "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). *See also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). *Sua sponte* dismissal is appropriate if the complaint lacks an arguable basis when filed. *See McGore*, 114 F.3d at 612.
>
> Here, it is not clear from the face of the Complaint that Jacobs has stated any viable claims for relief against any of the Defendants. The Complaint contains few details. Even when liberally construing those details, the Court is unable to discern any cognizable federal claims against the Defendants. For instance, Jacobs cites 42 U.S.C. § 1985, but he fails to allege any facts that could

2

> establish a conspiracy or a civil rights violation, as required in a suit between private parties under that statute. *See* 42 U.S.C. § 1985. And while Jacobs writes the word "discrimination" in his Complaint, he fails to describe facts relating to any claimed discrimination.

(*Id.*, PageID.15-16.) The Court directed Jacobs to file his written response to the Order or his Amended Complaint by September 19, 2025. (*See id.*, PageID.16.)

On September 18, 2025, Jacobs filed a Response to the Order. (*See* Resp., ECF No. 6.) The totality of Jacobs' Response reads: "I filed a EEOC complaint and was given a right to sue. I barely know Stateline Construction and its Employee(s) Tony Ernist – I believe is how to spell his name. I was during a disaster and an emergency job, sleep deprivation!" (*See id.*, PageID.17.) Jacobs attached a letter from the U.S. Equal Employment Opportunity Commission (the "EEOC"). (*See id.*, PageID.19.) The letter indicated that the EEOC was not making a finding on an investigation on Charge No. 471-2025-01773 and notified Jacobs that he had a right to sue under federal law in federal or state court within 90 days. (*See id.*)

While the Court recognizes that a plaintiff may receive permission to file a lawsuit in federal court from the EEOC, Jacobs still has not provided any allegations against the Defendants that would persuade the Court that he has a plausible federal claim. Simply put, the letter from the EEOC is not a substitute for factual allegations stating a plausible federal claim.

Because Jacobs failed to respond to the Show Cause Order (ECF No. 5) with information and/or allegations demonstrating that he has any plausible claims against the Defendants, the Court **SUMMARILY DISMISSES** Jacobs' Complaint (ECF No. 1) **WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

                                       s/Matthew F. Leitman
                                       MATTHEW F. LEITMAN
                                       UNITED STATES DISTRICT JUDGE

Dated: September 24, 2025

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 24, 2025, by electronic means and/or ordinary mail.

                                       s/Holly A. Ryan
                                       Case Manager
                                       (313) 234-5126